**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | )   2:14-cr-270-11 |
| v. | ) |
| | ) |
| | ) |
| DONTE YARBOUGH | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the government's NOTICE OF APPEAL OF RELEASE ORDER (ECF No. 80). Defendant Donte Yarbough ("D. Yarbough" or "Defendant") has filed a brief support of pre-trial release (ECF No. 82), and the government has filed a brief in support of detention (ECF No. 83). An oral argument was held before the undersigned on Tuesday, December 23, 2014. Accordingly, the appeal is ripe for disposition.

**I.    Background**

On December 9, 2014, a federal grand jury sitting in the Western District of Pennsylvania returned a seven-count indictment in which it charged twelve individuals with, *inter alia*, the following: at Count One, conspiracy to possess with the intent to distribute—(a) one kilogram or more of heroin (Barlow, Brown, Butler, Joseph, Scott, D. Yarbough, L. Yarbough); (b) 100 grams or more of heroin (Akins, Pryor, Robinson, Springer); and (c) less than 100 grams of heroin (Means)—from in an around a date uncertain in 2008 and continuing thereafter to in and around October 2012 in violation of 21 U.S.C. § 846. Defendant was also charged at Count Three and Count Five with possession with the intent to distribute and distribution of heroin on or about (respectively) July 11, 2011 and September 6, 2012 in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). If convicted of the crimes charged, Defendant faces a statutory mandatory

minimum term of imprisonment of not less than ten (10) years to a maximum of life at Count One and a term of imprisonment of not more than twenty (20) years at Counts Three and Five. These potential penalties may, however, increase based on Defendant's four prior felony drug convictions. If the government files an information to establish one prior conviction pursuant to 21 U.S.C. § 851, Defendant will face a statutory mandatory minimum term of imprisonment of not less than twenty (20) years to a maximum of life at Count One and a term of imprisonment of not more than thirty (30) years at Counts Three and Five. But if the government files a § 851 information as to two or more of these prior felony drug convictions, Defendant will face a mandatory sentence of life imprisonment.

On December 11, 2014, Defendant appeared before Magistrate Judge Maureen P. Kelly for his initial appearance at which he pleaded not guilty to the crimes charged against him in the indictment. Upon motion of the government, Magistrate Judge Kelly entered an Order of Temporary Detention pending a hearing pursuant to the Bail Reform Act.

On December 17, 2014, Defendant appeared before Magistrate Judge Lisa Pupo Lenihan for a detention hearing. At the hearing, the government offered no testimony or proffer but instead emphasized that under the Bail Reform Act the crimes with which Defendant is charged creates a rebuttable presumption that no condition or combination of conditions will reasonably assure appearance of Defendant as required and safety of community. The government also highlighted Defendant's four prior felony drug convictions, some of which were committed while on probation or parole. For his part, Defendant called his fiancé, Ronnae Demery, as a witness to testify on his behalf.[1] Ms. Demery testified that she and Defendant live together with

---

1. At the hearing, counsel for Defendant asked for a brief recess so that a Pretrial Services officer could conduct a criminal background check on Ms. Demery in order to assess whether she would qualify as a suitable third-party custodian. The Pretrial Services Officer reported that Ms. Demery has two convictions for misdemeanor offenses as well as two outstanding bench warrants and an outstanding arrest warrant for motor vehicle summary offenses.

2

their four children, including a four-month old child with serious health issues, that Defendant acts as the primary caregiver of their children during the day, and that he worked as a youth counselor. On cross-examination, Ms. Demery admitted that Defendant smoked marijuana on a daily basis before his arrest but claimed that he did not do so in front of their children.

At the conclusion of the hearing, Magistrate Judge Lenihan found that Defendant was not a flight risk and that home confinement would assure the safety of the community, and therefore, ordered him released subject to certain conditions. The government requested and Magistrate Judge Lenihan entered a stay pending an appeal to this Court. The government filed its Notice of Appeal the following day.

The Court has reviewed the transcript of the proceeding conducted before Magistrate Judge Lenihan, considered the information and material set forth in the parties' filings, and heard oral argument on this matter in an expedited fashion in light of Defendant's important liberty interest. In its review of the record evidence, this Court respectfully disagrees with the Magistrate Judge and concludes that Defendant has not overcome the presumption of detention.

**II.   Standard of Review**

Section 3145 of Title 18 sets forth the procedure for review and appeal of a release or detention order entered by a United States Magistrate Judge and provides, in relevant part, as follows:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
>    (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .

---

Magistrate Judge Lenihan ultimately found that Ms. Demery would not be a suitable third-party custodian. At the December 23, 2014 hearing, counsel for Defendant advised this Court that those warrants have since been cleared.

18 U.S.C.A. § 3145(a). The district court reviews a magistrate judge's denial of pretrial detention de novo. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985).

### III. Legal Standard

"The structured system of the Bail Reform Act, 18 U.S.C. §§ 3141, *et seq.*, regarding the release or detention of a defendant before trial seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered." *United States v. Gibson*, 481 F. Supp. 2d 419, 421 (W.D. Pa. 2007) (citing *United States v. Lemos*, 876 F. Supp. 58, 59 (D. N.J. 1995)). Under the Bail Reform Act, "[t]he judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court," subject to several conditions, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

Section 3142(c) further provides a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. 18 U.S.C. § 2142(c)(1)(B). But if the Court finds that no sufficient condition or combination of conditions exists, it may order that a defendant be detained pending trial. 18 U.S.C. § 3142(e)(1).

A rebuttable presumption in favor of detention arises when the Court "finds that there is probable cause to believe that the defendant committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46 . . . ." 18 U.S.C. § 3142(e)(3)(A). A defendant may rebut the presumption by producing "some credible evidence forming a basis for his contention that he

4

will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (per curiam). *See also United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). The burden of persuasion does, however, remain always with the government. *See United States v. Suppa,* 799 F.2d 115, 119 (3d Cir. 1986) (noting that even in rebuttable presumption cases, the burden of persuasion always remains with the government); *see also United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986).

Factual findings supporting pre-trial detention must be made by clear and convincing evidence. 18 U.S.C. § 3142(f). In making its determination, the Court must take into account the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4). Moreover, the "history and characteristics of the person" includes the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3)(A)-(B). *See United States v. Perry*, 788 F.2d 100, 106 (3d Cir. 1986).

**IV.    Discussion**

Based on the potential penalties that Defendant faces if convicted, the rebuttable presumption set forth in § 3142(e) applies in this case. Defendant attempts to rebut this presumption by citing his long-standing relationship with Ms. Demery, their four children for whom he serves as the primary caregiver, his five-month-old daughter who requires frequent

5

hospitalization, and his employment as a youth counselor. This evidence does not rebut the presumption.

Even assuming that the foregoing evidence would do so, the government has carried its burden by clear and convincing evidence. *See Perry*, 788 F.2d at 115 ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness."). Accordingly, the Court concludes that no condition or combination of conditions would reasonably assure the appearance of Defendant in court and the safety of any other person and the community if he were to be released.

### A. Nature and Circumstances of the Offense

Defendant has been charged with several serious crimes: conspiracy to possess with the intent to distribute one kilogram or more of heroin and possession with the intent to distribute and distribution of heroin. If convicted, Defendant faces a statutory mandatory minimum term of imprisonment of not less than ten years—assuming the government does not file an information to establish prior conviction(s). In short, this factor weighs strongly in favor of detention.

### B. Weight of the Evidence

The government has represented that Defendant was a meaningful player in a large-scale heroin distribution conspiracy that spanned the course of four years, but it has relied solely on the grand jury's finding of probable cause. This factor does not weigh in favor of either party.

### C. History and Characteristics of the Defendant

The Court acknowledges Defendant's family ties, and the admirable support of Ms. Demery, his mother and stepfather. It also appears that Defendant had no involvement with law enforcement between 2003 and 2013, although he was incarcerated for much of that time and allegedly participated in this conspiracy between 2008 and 2012.

Nevertheless, Defendant has a very serious criminal history to say the least, with no less than four prior felony drug convictions. A review of the Pretrial Services Report further indicates that Defendant has been continuously involved in the criminal justice system for much of his adult life and repeatedly violated some sort of court-supervision by committing additional offenses. Also troubling is the almost complete lack of an employment record reported by Defendant, a thirty-three-year old man: one-month of work as an activities coordinator for Youth Places in November, 2014 and occasional work as a private security guard. In addition, Defendant has a history of daily marijuana use and failing to appear as well as convictions for obstructing the administration of law/other government function, fleeing and eluding, and providing false reports to law enforcement authorities—all of which tends to support a finding that Defendant is a flight risk. This factor weighs heavily in favor of detention.

**D. The Nature and Seriousness of the Danger Posed by Defendant's Release**

Defendant has a long history of drug trafficking and firearms offenses, extensively outlined in the government's brief. Moreover, a firearm was recovered from Defendant's home at the time of his arrest, which Ms. Demery denied as belonging to her or their children. It is also undisputed that heroin trafficking represents a substantial danger to the community. If released to home detention, nothing prevents Defendant from continuing to engage in illegal activity. Accordingly, this factor weighs heavily in favor of detention.

**V.    Conclusion**

For the reasons hereinabove stated, the Court will reverse the Order Setting Conditions of Release and order Defendant detained pending trial. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 2:14-cr-270-11 |
| v. | ) |
| | ) |
| | ) |
| DONTE YARBOUGH | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 23rd day of December, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the STAYED ORDER SETTING CONDITIONS OF RELEASE (ECF No. 77) is **REVERSED**, and Defendant Donte Yarbough shall be detained pending trial.

**IT IS FURTHER ORDERED** that Defendant shall be committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney from the government, the person in charge of the corrections facility must deliver the Defendant to the United States Marshal for any court appearance.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: Brendan T. Conway
Email: brendan.conway@usdoj.gov
Chris Rand Eyster
Email: eysman@earthlink.net
(via CM/ECF)